UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELKADER MORCELI, | No. 2:17-cv-0568 AC P |
| Petitioner, | |
| v. | ORDER |
| JOHN KELLY, et al., | |
| Respondents. | |

Petitioner, who is currently incarcerated at the Yuba County Jail, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner has also filed a request to proceed in forma pauperis and a motion for appointment of counsel.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes.  See 28 U.S.C. § 636(c); Local Rule 305(a).  See ECF Nos. 6, 7.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.  Accordingly, petitioner's request for leave to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

The court initially finds that it appears to have personal jurisdiction over petitioner because the named respondents include petitioner's custodian, Yuba County Sheriff Steven L. Durfor, and petitioner's place of incarceration is located within this district.  See Rumsfeld v. Padilla, 542 U.S. 426, 428 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his

present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Petitioner avers that he remains detained pursuant to a final order of deportation despite expiration of the 90-day mandatory removal period. Petitioner seeks to obtain supervised release in lieu of detention as a matter of due process and under the authority of 8 U.S.C. § 1231(a)(6) (authorizing supervised release for low risk aliens detained beyond the mandatory removal period). Because petitioner may be entitled to the requested relief, respondent will be directed to file an answer or motion to dismiss. However, because the court grants petitioner's motion for appointment of counsel, the court will first accord appointed counsel the opportunity to file an amended petition.

Petitioner requests appointment of counsel on the following grounds: (1) his petition presents complex legal issues, including "weighty constitutional principles" in a "rapidly changing area of the law," see ECF No. 3 at 2-3; (2) effective discovery, if needed, will require the appointment of counsel, see Rule 6(a), Rules Governing Section 2254 Cases;[1] (3) if an evidentiary hearing is required because the parties contest whether petitioner's removal is likely in the foreseeable future, a factor in determining the legality of petitioner's continued detention, appointment of counsel is required, see ECF No. 3 at 3; see also Rule 8(c), Rules Governing Section 2254 Cases; and (4) due to petitioner's limited understanding of the federal judicial process and the restrictions on his ability to conduct discovery and legal research, appointment of counsel would serve the interests of judicial economy, see ECF No. 3 at 3-4.

Although there is no absolute right to appointment of counsel in habeas proceedings, see Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996), appointment of counsel is warranted "if the interests of justice so require." See 18 U.S.C. § 3006A(a)(2)(B). In the present case, the court finds that the interests of justice would be served by appointment of counsel at this time.

////

////

---

[1] The Rules Governing Section 2254 Cases may be applied to other types of habeas petitions. See Rule 1(b), Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Petitioner's motion for appointment of counsel, ECF No. 3, is granted.

3. The Federal Defender or her designee is appointed to represent petitioner.

4. Petitioner's counsel shall, within ninety (90) days after the filing date of his order, file and serve a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

5. Respondent shall file an answer or motion to dismiss within sixty (60) days after service of petitioner's First Amended Petition for Writ of Habeas Corpus.  If an answer is filed, respondent shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the petition.

6. Petitioner's traverse, if any, shall be filed and served within thirty (30) days after service of respondent's answer; an opposition to a motion to dismiss is due within thirty (30) days after service of a motion to dismiss.

7. The Clerk of the Court is directed to serve a copy of this order on:  (1) the Federal Defender, Attention:  Section 2241 Habeas Appointment; and (2) the Deputy United States Attorney who has appeared on behalf of respondents in this case.

IT IS SO ORDERED.

DATED: April 5, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE